IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| L. Willie Parks,                )<br>                                           )<br>         Plaintiff,        )<br>                                           )<br>     v.                               )<br>                                           )<br>Carolyn W. Colvin,[1]        )<br>Acting Commissioner of Social )<br>Security,                       )<br>                                           )<br>         Defendant.     )<br>_____ | Civil Action No.: 5:13-868-BHH-KDW<br><br><br><br>**OPINION AND ORDER** |

Plaintiff L. Willie Parks brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Kaymani D. West for pretrial handling. On June 6, 2014, the Magistrate Judge issued a Report and Recommendation in which she concluded that the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence. Accordingly, the Magistrate Judge recommended affirming the Commissioner's decision. (ECF No. 26.) Plaintiff filed Objections on June 23, 2014. (ECF No. 28.) Commissioner filed a reply on July 3, 2014. (ECF No. 31.) For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

## BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them by specific reference herein and only summarizes below in relevant part. Plaintiff was fifty years old on his alleged disability onset date. (R. at 51, 108.) Plaintiff alleges disability due to diabetes and hypertension. (R. at 108-09, 110-14, 136.) Plaintiff has past work experience as a cement finisher. (R. at 19, 116.) Plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on September 21, 2010. (R. at 108-09, 110-14, 136.) Plaintiff's application was denied initially and upon reconsideration. (R. at 70-77, 79-86, 89-93.) A hearing before an Administrative Law Judge ("ALJ") was held on November 18, 2011. (R. at 48-69.) The ALJ found that Plaintiff was not under a disability as defined by the Social Security Act. (R. at 11-21.) The Appeals Council denied Plaintiff's request for review (R. at 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on April 1, 2014. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The Magistrate Judge recommended affirming the ALJ's decision. (ECF No. 26 at 19.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required

to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## PARTIES' RESPONSE

Plaintiff filed objections to the Report and Recommendation ("Objections") on January 21, 2014. (ECF No. 28.) Specifically, Plaintiff argues that the Magistrate Judge wrongly found that substantial evidence supported the ALJ's conclusion that the plaintiff could not satisfy the criteria of Listing 12.05(C), 20 C.F.R. pt. 404, Subpart P, App. 1, § 12.05. (ECF No. 28 at 1-2.) The Commissioner filed a reply to Plaintiff's objections to the Report and Recommendation asking this Court to affirm the final administrative decision for the reasons set forth in the Commissioner's previous submissions to the Court. (ECF No. 31 at 1.)

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir.2006). "Substantial evidence has been

defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see Jackson v. Astrue*, 467 F. App'x 214, 216 (4th Cir. 2012). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.2005). As noted, in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff has made one objection to the recommendation of the Magistrate Judge. He reiterates that the ALJ failed to recognize that medical evidence established the presence of a disabling mental impairment listed in section 12.05 of Appendix 1 to 20

C.F.R. § 404, Subpart P.  Specifically, the plaintiff believes his condition satisfies the requirement paragraph (C) of that section.

The "Listings," found at part 404, subpart P, appendix 1 (part A), are "a catalog of various disabilities, which are defined by 'specific medical signs, symptoms, or laboratory test results.'"  *Bennett v. Sullivan*, 917 F.2d 157, 160 (4th Cir. 1990) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).  When a claimant satisfies a Listing by meeting all its specified medical criteria, he presumably qualifies for benefits.  *See id.*  To demonstrate equivalency, the claimant "must demonstrate that his 'specific medical signs, symptoms, or laboratory test results' equal those for a disability that happens to be listed."  *Id.*

Section or Listing 12.05 states in relevant part:

> 12.05 Mental Retardation and Autism: Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22) . . . The required level of severity for this disorder is met when the requirements in A, B, C, *or* D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale I.Q. of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitations of function;
>
> . . .

20 C.F.R. pt. 404, Subpart P, App. 1, § 12.05.  The introduction to Section 12.00 of the Listings clarifies how the structure for 12.05 differs from other mental disorder listings: "Listing 12.05 contains an introductory paragraph with the diagnostic description for intellectual disability. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing."  20 C.F.R.

Pt. 404, Subpt. P, App. 1 § 12.00(A). In *Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2012) the Fourth Circuit held that the first prong of Listing 12.05 analysis "requires a showing of 'deficits in adaptive functioning initially manifested during the developmental period.'" *Id*. at 473. The second prong "requires the satisfaction of one of four additional requirements." *Id*. The court held that "even if the ALJ's finding concerning Prong 2 of Listing 12.05C did not rest on substantial evidence, we would still be required to affirm the ALJ's decision if his finding with regard to Prong 1 was based on substantial evidence." *Id*. at 475.

The plaintiff contends that he has deficits in adaptive functioning, as required by the preamble to the Listing, and contrary to the determination of the ALJ and the affirmation of the magistrate judge. He again emphasizes his enrollment in a special school serving severely mentally and physically disabled students (R. at 228) and his functional illiteracy (R. at 16). Some courts have considered illiteracy to be supportive of a finding of deficits manifesting in the developmental years. *Turner v. Bowen*, 856 F.2d 695, 699 (4thCir. l988); *Strong v. Astrue*, 2011 WL 2938084 (D.S.C. June 27, 2011) (finding unctional illiteracy despite eleven years of school is a manifestation of mental retardation before age 22). The plaintiff has only reiterated the arguments already rejected by the magistrate judge.

More importantly, the plaintiff's objection appears inconsequential. The ALJ determined that the plaintiff had not satisfied any of the A-D requirements of the Listing, including paragraph C, expressly. (R. at 15.) And, the magistrate judge determined that substantial evidence existed to support that conclusion. (Report and Recommendation, ECF No. 26 at 18.) The plaintiff did not object to the ALJ's determination regarding paragraph C. So, even if the plaintiff is correct that the evidence establishes the presence

of deficits in adaptive functioning, he has not contested, on objection, the determination that he has failed to meet any of the A-D criteria. The Court has tried to carefully confirm this consequence, to only one conclusion. It is unnecessary, therefore, to consider any further the plaintiff's evidence that he had deficits in adaptive functioning manifesting in the developmental period. He has not raised any objection to a conclusion that he fails to meet the paragraphed criteria of the Listing.

## **CONCLUSION**

After a thorough review of the record and facts of the instant case, the Court finds no error and no cause for remand in this matter. Substantial evidence supports the ALJ's decision. The Court concurs in the recommendation of the Magistrate Judge and adopts the Report and Recommendation and incorporates it herein by specific reference. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                                s/Bruce Howe Hendricks
                                                United States District Judge

August 20, 2014
Spartanburg, South Carolina